IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDY RAWLINS, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:18-cv-3576 |
| vs. § | |
| § | **COMPLAINT** |
| GC SERVICES, LP § | Jury Trial Demanded |
| Defendant. § | |

## NATURE OF ACTION

1.  Plaintiff Andy Rawlins ("Plaintiff") brings this action against Defendant GC Services, LP ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.

## JURISDICTION, VENUE, AND STANDING

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.  Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. "Congress's judgment in enacting the FCRA was to provide consumers a right to privacy. The plain language of the statute as well as the legislative history illustrate this intent." *Perrill v. Equifax Info. Services, LLC*, A-14-CA-612-SS, 2016 WL 4572212, at *3 (W.D. Tex. Aug. 31, 2016) (citing 15 U.S.C. § 1681(4)) ("There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."); *see also Thomas v. FTS USA, LLC,* 193 F.Supp.3d 623, 633 (E.D. Va. 2016) ("It is clear from the statute's legislative history that Congress intended that the FCRA be construed to promote the credit industry's responsible dissemination of accurate and relevant information and to maintain the confidentiality of consumer reports."); *Hawkins v. S2Verify,* No. C 15–03502 WHA, 2016 WL 3999458, at *5 (N.D. Cal. Jul. 26, 2016) ("[Under the FCRA], Congress decided to restrict access to information regarding arrests older than seven years, which bestowed a degree of privacy on that information.").

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendant is domiciled district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

6. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y,

2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

8. "To determine whether a particular collection practice violates the FDPCA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

9. "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## THE FAIR CREDIT REPORTING ACT

10. The FCRA was enacted by Congress to ensure fair and accurate credit reporting and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

11. "The purpose of the FCRA is to assure consumers that reporting agencies use reasonable procedures for collecting, using, and disseminating information." *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1097 (D. Ariz. 2003) (citing 15 U.S.C.A. § 1681(b)).

12. "Section 1681s–2(b) does not impose an unduly burdensome investigation requirement on furnishers; rather, it presents them with a choice regarding how they handle disputed information." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1303-05 (11th Cir. 2016).

13. "The first option is to satisfy § 1681s–2(b) by conducting an investigation, verifying the disputed information, and reporting to the CRAs that the information has been verified. Verification might be accomplished by uncovering documentary evidence that is

sufficient to prove that the information is true. Or it might be accomplished by relying on personal knowledge sufficient to establish the truth of the information." *Id.*

14. "The FCRA provides for compensation in the form of actual damages and attorneys' fees if a consumer reporting agency negligently fails to comply with any provision of the FCRA. The FCRA also permits a consumer to recover punitive damages if the defendant's non-compliance with the Act was willful." *Id.* (quoting *Natale v. TRW, Inc.,* No. 97–3661, 1999 WL 179678, at *1 (N.D. Cal. Mar. 30, 1999)); *see also* 15 U.S.C. §§ 1681o, 1681n.

## PARTIES

15. Plaintiff is a natural person allegedly obligated to pay a debt.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

18. Defendant is a Texas entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. Defendant uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

21. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

22. Plaintiff is a natural person allegedly obligated to pay a debt.

23. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for

personal, family, or household purposes—namely, a personal cellular telephone account (the "Debt").

24. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

25. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

26. In or around October 2017, Plaintiff discovered that Defendant was reporting the Debt on his TransUnion credit report as an adverse account.

27. On or around October 4, 2017, Plaintiff called Defendant and inquired about the Debt.

28. The October 4, 2017 call was Defendant's initial communication with Plaintiff's with respect to the Debt.

29. When Plaintiff asked Defendant why it had not sent him information about the Debt in writing, Defendant could not provide an answer.

30. Defendant then asked whether Plaintiff wanted to resolve the Debt.

31. Plaintiff informed Defendant that he would pay off the Debt only if Defendant agreed to remove it from his TransUnion credit report upon receipt of Plaintiff's payment.

32. Defendant agreed that it would remove the Debt from Plaintiff's TransUnion credit report once it received Plaintiff's payment.

33. On or around November 8, 2017, Plaintiff paid Defendant the balance of the Debt.

34. In or around early January 2018, Plaintiff discovered that Defendant had not removed the Debt from Plaintiff's TransUnion credit report as agreed.

35. Instead, Defendant had continued to report the Debt as an adverse account, merely updating the status to reflect that Plaintiff had paid off the Debt.

36. Plaintiff subsequently contacted Defendant and asked why it was still reporting the Debt on his credit report.

37. Defendant claimed that it had never agreed to remove the Debt from Plaintiff's credit report.

38. Defendant also claimed that it could not remove the Debt from Plaintiff's credit report.

39. Defendant further claimed that because the Debt was reported as an adverse account, it would stay on his credit report for 10 years.

40. In or around early January 2018, Plaintiff telephoned TransUnion and disputed the accuracy of the Debt as reported on his TransUnion credit report.

41. In his dispute, Plaintiff informed TransUnion of Defendant's agreement to remove the Debt from his credit report once Plaintiff paid off the Debt.

42. Upon information and belief, TransUnion provided Defendant with notice of Plaintiff's dispute.

43. On or about February 5, 2018, TransUnion responded to Plaintiff's dispute stating that it had verified the reporting of the Debt as accurate.

44. Upon information and belief, Defendant communicated to TransUnion information which it knew or should have known to be false.

45. To date, Defendant is still reporting the Debt on Plaintiff's credit report.

46. Defendant's false promise to remove the Debt from Plaintiff's credit report served only to coax Plaintiff into paying the Debt.

47. Defendant also failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a) in writing, within five days of the October 4, 2017 call.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

48. Plaintiff repeats and re-alleges each factual allegation contained above.

49. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

50. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

51. Plaintiff repeats and re-alleges each factual allegation contained above.

52. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

53. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

54. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)

55. Plaintiff repeats and re-alleges each factual allegation contained above.

56. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

57. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

58. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

59. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a)(3)-(5), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1681s-2(b)

60. Plaintiff repeats and re-alleges each factual allegation contained above.

61. A person violates 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate a consumer's dispute of the reporting of inaccurate information about the consumer to consumer reporting agencies, by failing to review all relevant information regarding the same, and by failing to appropriately respond to the consumer reporting agency.

62. Upon information and belief, TransUnion provided Defendant with notice of Plaintiff's dispute.

63. Upon information and belief, Defendant failed to adequately provide accurate information about the Debt in response to the notice of Plaintiff's dispute Defendant received from TransUnion.

64. Therefore, upon information and belief, Defendant violated 15 U.S.C. § 1681s-2(b) by failing to adequately provide accurate information about the Debt in response to notice of Plaintiff's dispute from TransUnion and communicating to TransUnion information which is known or which should be known to be false.

65. As a result of Defendant's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

66. Defendant's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

67. In the alternative, Defendant's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1681s-2(b);

b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

68. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 3, 2018

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:    602-388-8898
Facsimile:    866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff